**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAY E. KATZ,** | § | |
| | § | |
| **Plaintiff**, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:24-CV-00072-O** |
| | § | |
| **MARTIN J. GRUENBERG et al.,** | § | |
| | § | |
| **Defendants**. | § | |
| | § | |
| | § | |

**OPINION AND ORDER**

Before the Court are Defendants' Motion for Summary Judgment (ECF No. 15), Plaintiff's Response (ECF No. 22), and Defendants' Reply (ECF No. 25). Plaintiff and Defendants are referred to collectively as the "Parties." For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

Plaintiff, Jay E. Katz, ("Katz") previously worked for the Federal Deposit Insurance Corporation ("FDIC") from 2010 to 2015 as a Receivership Specialist in the Customer Service Department.[1] In 2020, Katz applied for two FDIC positions in Dallas: Receivership Specialist – Customer Service and Receivership Specialist – Claims Administration.[2] He was not selected for either position.[3] Katz alleges that the non-selections were the product of race, religion, and disability discrimination in violation of Title VII, the Rehabilitation Act, and the Americans with Disabilities Act ("ADA").[4]

[1] Compl. ¶ 4.03, ECF No. 1.
[2] Compl. ¶¶ 4.04–4.05, ECF No. 1.
[3] Compl. ¶¶ 4.04–4.05, ECF No. 1.
[4] Compl. ¶¶ 5.01–7.09, ECF No. 1.

The record contains several statements concerning when Katz learned of the non-selections. As to the Customer Service position, Katz alleged in his Complaint that he learned of the non-selection on or about September 15, 2020; in his summary-judgment declaration, he states that he received an email notification dated September 21, 2020; and in his earlier administrative affidavit, he stated under oath that USA Jobs notified him "sometime in October 2020." [5]As to the Claims Administration position, Katz stated in his administrative affidavit that USA Jobs notified him "sometime in October 2020" that he had not been selected and that he discussed that non-selection with an FDIC official in October or November 2020.[6] In his later summary-judgment declaration, however, Katz states that he received notice of that non-selection on January 12, 2021.[7]

Katz also contacted FDIC EEO Counselor Donald Ballard before filing a formal administrative complaint. Ballard states that he met with Katz on December 11, 2020 to discuss Katz's concerns regarding both non-selections and the informal EEO complaint process.[8] During that discussion, Katz stated that he believed his disability and religion may have been factors in the hiring decisions, and Ballard advised him of the 45-day period for initiating informal EEO counseling.[9] Katz nevertheless stated that he did not want to initiate an informal complaint at that time.[10] Ballard later confirmed in writing that the interaction would be treated as "contact only" and provided Katz with a Notice of 45 Days to Request EEO Counseling.[11] On January 19, 2021, Katz emailed Ballard stating, "I would like to file an informal EEO complaint."[12]

---

[5] Compl. ¶ 4.04, ECF No. 1; Pl.'s App. 2, ECF No. 21-1; Defs.' App. 25, ECF No. 17.
[6] Defs.' App. 22, 26, ECF No. 17.
[7] Pl.'s App. 4, 31–33, ECF No. 21-1.
[8] Defs.' App. 5–6, ECF No. 17; Pl.'s App. 47–48, ECF No. 21-1.
[9] Defs.' App. 5–10, ECF No. 17.
[10] Defs. App. 5–6, ECF No. 17.
[11] Defs. App. 8–10, ECF No. 17.
[12] Defs. App. 6–7, ECF No. 17; Pl.'s App. 48–50, ECF No. 21-1.

Katz filed a formal EEO complaint on February 10, 2021, alleging race, religion, and disability discrimination arising from the two non-selections.[13] The FDIC accepted the complaint for investigation.[14] On September 9, 2022, an EEOC administrative judge dismissed the complaint for untimely EEO counselor contact, concluding that January 19, 2021, was the first date on which Katz exhibited an intent to begin the EEO process and that he had learned of the non-selections more than 45 days earlier.[15] The FDIC issued a Final Agency Order implementing that dismissal on October 12, 2022, and the EEOC's Office of Federal Operations affirmed on March 22, 2023.[16] Katz then filed this action.

Defendants' Answer raised untimely EEO counselor contact and failure to exhaust as defenses to Katz's Title VII and Rehabilitation Act claims.[17] Defendants then moved for summary judgment on the ground that Katz failed to timely exhaust his administrative remedies and also sought dismissal of the FDIC as an improper defendant and dismissal of Katz's ADA claims.[18] Katz opposes summary judgment on exhaustion and argues that the operative dates are later than Defendants contend, but he does not oppose dismissal of the FDIC so long as the agency head remains as the defendant in his official capacity, and he does not oppose dismissal of his ADA claims.[19] Thus, the Parties agree that the FDIC and the ADA claims should be dismissed. The remaining dispute is whether Katz timely exhausted his Title VII and Rehabilitation Act claims or whether the 45-day period should be extended or equitably tolled.

[13] Defs.' App. 2, 11–15, ECF No. 17.
[14] Defs. App. 11–15, ECF No. 17.
[15] Defs. App. 28–41, ECF No. 17.
[16] Defs. App. 42–54, ECF No. 17.
[17] Defs.' Answer 6–7, ECF No. 13.
[18] Defs.' Mot. Summ. J. 1–2, ECF No. 15; Defs.' Br. Supp. Mot. Summ. J. 8–18, ECF No. 16.
[19] Pl.'s Br. Supp. Resp. 8–12, ECF No. 22.

## II. LEGAL STANDARD

The Court should grant summary judgment where the pleadings and evidence show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not "a disfavored procedural shortcut," but rather an "integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation marks omitted).

"[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis of its motion and demonstrate from the record that no genuine dispute as to any material fact exists. *See Celotex*, 477 U.S. at 323. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

When reviewing the evidence on a motion for summary judgment, the Court must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). If there is no support for disputed allegations such that "reasonable minds could differ as to the import of the evidence," the Court will grant the motion. *Anderson*, 477 U.S. at 250.

Federal employees asserting discrimination claims must exhaust the applicable administrative process before proceeding in federal court. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). A discrimination lawsuit must be dismissed if the exhaustion defense is adequately

raised and there is no justification for failure to follow exhaustion requirements. *Stroy v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018). The governing regulation requires an aggrieved employee to "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action" "in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a)(1). *See Pacheco v. Mineta*, 448 F.3d at 788–89 (a primary purpose of the exhaustion requirement is to trigger investigatory and conciliatory procedures in attempt to achieve nonjudicial resolution of employment discrimination claims). Failure to timely initiate administrative action by notifying an EEO counselor may bar the claim absent waiver, estoppel, or equitable tolling. *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992); *Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002).

Although administrative adjudications ordinarily receive deferential review, a district court does not defer to the EEOC's determination that a federal employee failed timely to seek informal counseling or to the EEOC's determination on equitable tolling under § 1614.105. *Teemac*, 298 F.3d at 455–56. Because federal employees are entitled to a de novo trial, the district court must independently evaluate the EEOC's determination and may not presume the correctness of the agency's factual findings. *Id.* at 455. Section 1614.105 identifies circumstances in which the 45-day period must be extended and thereby limits agency discretion; the district court independently interprets and applies those regulatory limits and makes its own judgment as to whether tolling is warranted. *Id.* at 455–56.

The 45-day period begins when the employee knows or reasonably should know of the challenged employment action, not when the employee later perceives that the action was motivated by discrimination. *Pacheco v. Rice*, 966 F.2d at 906; *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 605 (5th Cir. 1986); *Chapman v. Homco, Inc.*, 886 F.2d 756, 758 (5th Cir. 1989);

*Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 n.2 (5th Cir. 1992). The employee bears the burden to justify equitable tolling, which is applied sparingly. *Teemac*, 298 F.3d at 457; *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

## III. ANALYSIS

Defendants argue that Katz's Title VII and Rehabilitation Act claims are barred because he failed to initiate EEO counseling within the required 45-day period and cannot establish a basis for extending or equitably tolling that deadline. Katz responds that his claims were timely based on the effective dates of the challenged personnel actions and, alternatively, that further discovery is necessary before summary judgment may be resolved. The Parties agree that the FDIC and Katz's ADA claims should be dismissed.

### A. Accrual of the 45-Day Period

Fifth Circuit authority directly forecloses Katz's argument that the 45-day period did not begin until he learned additional facts suggesting discrimination. In *Pacheco v. Rice*, a federal employee argued that the EEO-contact period should begin only when he learned that a similarly situated employee had been treated more favorably and thus first perceived discriminatory motive. 966 F.2d at 905–06. The Fifth Circuit rejected that argument, holding that the period began when the employee knew of the adverse personnel action itself. *Id.* at 906. Although *Pacheco v. Rice* applied the predecessor EEO-contact period, its accrual rule applies to the current 45-day requirement.

That rule is consistent with the Fifth Circuit's broader employment-discrimination precedent. The limitations period begins when a plaintiff knows or reasonably should know that the challenged act occurred, not when the plaintiff later concludes that discriminatory motive caused it. *Merrill*, 806 F.2d at 605; *Christopher*, 950 F.2d at 1217 n.2. Likewise, notice of the

adverse employment decision starts the clock even if the employee learns only later that the decision may have rested on discriminatory factors. *Chapman*, 886 F.2d at 758. As *Pacheco v. Rice* explained, allowing an employee to wait until later evidence creates suspicion of illicit motive would effectively defeat the prescribed filing deadlines. 966 F.2d at 906.

The Fifth Circuit later applied the same rule to facts materially similar to those presented here in *Miller v. Potter*, 359 F. App'x 535 (5th Cir. 2010) (per curiam). Miller received notice that she had not been selected for two positions, later learned of a possible retaliatory reason for the non-selection, and then initiated EEO counseling. *Id*. at 536. Citing *Christopher*, *Merrill*, and *Pacheco v. Rice*, the Fifth Circuit held that the 45-day period began when Miller learned of the non-selection, not when she later became suspicious of the employer's motive. *Id*. at 536–37. Because more than 45 days had passed, the court affirmed summary judgment. *Id*. at 537.

Katz advances a similar timing theory here. He argues that the Customer Service claim did not accrue until the selection process was complete and that the Claims Administration claim did not accrue until a January 12, 2021 USA Jobs notice; he also emphasizes that he did not learn the alleged facts supporting discriminatory motive until January 2021.[20] The Court addresses those contentions below.

**B. Customer Service Claim**

Katz's Customer Service claim is untimely. The record places Katz's knowledge of the non-selection well before December 2020. His Complaint alleges notice on or about September 15, 2020; his summary-judgment declaration identifies a September 21, 2020 rejection email; and his administrative affidavit states that USA Jobs notified him "sometime in October 2020."[21] Katz does not dispute receiving the rejection email. Instead, he argues that the relevant "effective date"

[20] Pl.'s Resp. 9–12, ECF No. 22; Pl.'s App. 4–5, ECF No. 21-1.
[21] Compl. ¶ 4.04, ECF No. 1; Pl.'s App. 2, ECF No. 21-1; Defs.' App. 25, ECF No. 17.

was no earlier than December 6, 2020, when the last person selected for the Customer Service posting allegedly began work, and that his January 19, 2021 initiation of EEO counseling therefore occurred 44 days later.[22] But Katz's later discovery of when a selectee began work, who was hired, the selected applicants' demographics, or alleged information concerning the hiring manager's practices concerns possible motive and the merits of the hiring decision; it does not alter when Katz knew that he had not been selected. *See Pacheco v. Rice*, 966 F.2d at 906; *Christopher*, 950 F.2d at 1217 n.2; *Miller*, 359 F. App'x at 536–37. Because Katz did not state that he wanted to begin the EEO process until January 19, 2021, the Customer Service claim falls outside the 45-day period.

**C. Claims Administration Claim**

The Claims Administration claim leads to the same result. During the administrative investigation, Katz stated under oath that USA Jobs notified him "sometime in October 2020" that he had not been selected and that he discussed that non-selection with an FDIC official in October or November 2020.[23] He met with an EEO counselor on December 11, 2020, to discuss not being hired for the position.[24] The counselor emailed Katz to recap the meeting, stating among other things that Katz had shared his concerns regarding not being hired for either of the two positions, that his disability and religion may have been a factor in the decision, and that Janice Hearn was involved in the selection process.[25] Plaintiff never contradicted any of the counselor's statements; rather, on January 8, 2021, he emailed that he wanted to chat because he had "a couple of questions."[26] In opposition to summary judgment, however, Katz averred that he did not formally

[22] Pl.'s Resp. 11, ECF No. 22.
[23] Defs.' App. 22, ECF No. 17.
[24] Defs.' App. 5–9, ECF No. 17.
[25] Defs.' App. 5–9, ECF No. 17.
[26] Defs.' App. 7–8, ECF No. 17.

learn of the non-selection until January 12, 2021, and pointed to a January 2021 USA Jobs communication.[27] A court may not disregard a later affidavit merely because it conflicts to some degree with earlier sworn testimony; the sham-affidavit doctrine is applied sparingly and ordinarily requires statements that are inherently inconsistent. *Seigler v. Wal-Mart Stores Tex.*, L.L.C., 30 F.4th 472, 477 (5th Cir. 2022). Here, however, Katz's two sworn accounts address the same fact and the same source of notice, when USA Jobs informed him of his non-selection, and Katz offers no explanation reconciling the October 2020 and January 2021 dates.[28] The later declaration therefore does not create a genuine dispute as to when Katz first learned of the Claims Administration non-selection. *See Seigler*, 30 F.4th at 477.

**D. Initiation of EEO Counseling**

Katz's earlier communications with EEO Counselor Donald Ballard do not make either claim timely. Katz emphasizes that he contacted Ballard before January 2021 and discussed how to investigate and, if necessary, pursue a discrimination complaint.[29] But the record establishes that, during the December 11, 2020 discussion concerning both non-selections, Katz expressly stated that he did not want to initiate an informal EEO complaint.[30] Ballard's December 23 email memorialized that decision, advised that the interaction would be treated as "contact only," and provided the 45-day notice.[31] Katz's own summary-judgment declaration likewise states that he decided not to pursue a complaint at that time because he believed he lacked sufficient information about whether the positions had been filled and the demographics and qualifications of the selected candidates.[32] Katz did not express an intent to begin the EEO process until January 19, 2021.[33] By

[27] Pl.'s Resp. 12, ECF No. 22; Pl.'s App. 4, 31–33, ECF No. 21-1.
[28] See Defs.' App. 22, ECF No. 17; Pl.'s App. 4, ECF No. 21-1.
[29] Pl.'s App. 3, ECF No. 21-1; Pl.'s Resp. 3–4, ECF No. 22.
[30] Defs.' App. 5–6, ECF No. 17; Pl.'s App. 47–48, ECF No. 21-1.
[31] Defs.' App. 8–10, ECF No. 17.
[32] Pl.'s App. 3–4, ECF No. 21-1.
[33] Defs.' App. 6–7, ECF No. 17.

that date, more than 45 days had passed since Katz learned of each non-selection. Accordingly, Katz failed to timely exhaust his administrative remedies under 29 C.F.R. § 1614.105(a)(1).

**E. Equitable Tolling**

Equitable tolling does not save Katz's claims. *Pacheco v. Rice* is again instructive. There, the plaintiff argued that the filing period should be tolled because he did not learn until years later that a similarly situated employee had been treated more favorably. 966 F.2d at 905–06. The Fifth Circuit rejected tolling, explaining that later discovery of additional facts does not permit an employee to suspend the EEO deadline indefinitely and that the duty of diligent inquiry requires a reasonable investigation in response to an adverse employment action. *Id.* at 906–07.

The result is the same under *Manning v. Chevron Chemical Co.*, LLC, 332 F.3d 874, 880 (5th Cir. 2003). There, the Fifth Circuit identified three potential bases for equitable tolling: (1) a suit pending in the wrong forum, (2) the plaintiff's lack of awareness of supporting facts because of the defendant's intentional concealment, and (3) the EEOC's misleading the plaintiff about his rights. *Id*. Katz argues that he lacked sufficient facts to recognize discrimination until he learned more about the selected candidates and the hiring manager's alleged practices in January 2021, and he invokes the extension provision in 29 C.F.R. § 1614.105(a)(2).[34] But none of the recognized tolling circumstances is present here. No suit was pending in the wrong forum; there is no evidence that the FDIC affirmatively concealed the non-selections or induced Katz to delay; and Ballard expressly advised Katz of the 45-day requirement.[35] By December 11, 2020, Katz already believed disability and religion might have played a role in both decisions but chose not to initiate informal counseling.[36] Waiting to develop additional evidence of motive does not warrant equitable tolling.

[34] Pl.'s Resp. 9–11, ECF No. 22; Pl.'s App. 3–5, ECF No. 21-1.
[35] Defs.' App. 5–10, ECF No. 17.
[36] Defs.' App at 5–6, 9, ECF No. 17.

*See Pacheco v. Rice*, 966 F.2d at 906–07; *Christopher*, 950 F.2d at 1217 n.2; *Teemac*, 298 F.3d at 457.

**F. Rule 56(d) Request**

Katz asks the Court to defer summary judgment under Rule 56(d) so that he may conduct discovery concerning the merits of the hiring decisions.[37] In support, Katz identifies potential discovery concerning the persons selected for the positions, the dates on which the positions were filled, and the hiring manager's alleged history of discriminatory hiring.[38] Fed. R. Civ. P. 56(d).

However, the requested discovery concerns whether discrimination actually occurred. It does not bear on the threshold chronology established by Katz's own statements and the EEO record: when he learned of the non-selections, what he told the EEO counselor, and when he first expressed an intent to begin the EEO process.[39] Defendants likewise emphasize in reply that the merits of the alleged discrimination are not the issue presented by this motion.[40] Because additional merits discovery would not create a genuine dispute on timely exhaustion or equitable tolling, the request to defer ruling under Rule 56(d) is **DENIED**.

**G. Agreed Dismissals**

The Parties agree that the FDIC itself should be dismissed as a defendant while the agency head remains in his official capacity.[41] Under Title VII and the Rehabilitation Act, the proper defendant is the head of the employing department or agency. *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988). The Parties likewise agree that Katz's ADA claims should be dismissed.[42] The Fifth Circuit has recognized that the federal government is excluded from the ADA's

[37] Pl.'s Resp. 8–9, ECF No. 22.
[38] Pl.'s Resp. 8–9; Pl.'s App. 54–56, ECF No. 21-1.
[39] Defs.' App. 5–10, 22, 25–26, ECF No. 17.
[40] Defs.' Reply 10–11, ECF No. 25.
[41] Pl.'s Resp. 12, ECF No. 22; Defs.' Reply 11–12, ECF No. 25.
[42] Pl.'s Resp. 12, ECF No. 22; Defs.' Reply 12, ECF No. 25.

definition of "employer." *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003). Accordingly, the claims against the FDIC and the ADA claims are **DISMISSED**.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED** and Katz's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this **21st day** of **October 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE